UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number:
IN ADMIRALTY

CHEMBULK OCEAN TRANSPORT,
LLC

      Plaintiff,

v.

WORLD FUEL SERVICES, INC.
d/b/a WORLD FUEL SERVICES

      Defendant.
_____/

**COMPLAINT**

Plaintiff, Chembulk Ocean Transport, LLC ("Chembulk"), hereby files this Complaint against Defendant World Fuel Services, Inc. d/b/a World Fuel Services ("WFS"), and states as follows:

**JURISDICTION, PARTIES, AND VENUE**

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

2. The court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1333 because this action arises from a maritime contract and/or a maritime tort.

3. At all times relevant hereto, Chembulk was and is a foreign business entity organized under the laws of the Marshall Islands and is engaged in business as a vessel-operating common carrier using ocean going vessels it charters, including *M/T Chem Ranger* (the "Vessel").

4. Upon information and belief, at all times relevant hereto, defendant WFS was and is a corporation organized under the laws of the State of Florida with its principal place of business in Miami, Florida, engaged in the business of delivery of fuel oil to ocean-going vessels.

5. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(3) WFS is subject to personal jurisdiction in this District with respect to this action.

## FACTUAL BACKGROUND

6. On or about July 6, 2012, the owner of the Vessel (the "Owner") time chartered the Vessel to an entity in the Chembulk group of companies (the "Charter"), which was extended into 2019 through an extension agreement.

7. Pursuant to the terms of the Charter, the time charterer was responsible for, *inter alia*, supplying the Vessel with fuel oil (known in the marine industry as "bunkers"). Chembulk acted to procure bunkers for the Vessel.

8. Chembulk, as buyer, and WFS, as seller, entered into a contract for the provision of fuel oil (bunkers) on or around March 16, 2018, for the Vessel (the "Bunkering Contract"). A copy of the Bunkering Contract is attached as **Exhibit 1**.

9. The Bunkering Contract provided for the sale and delivery of, among other things, 350 metric tons of fuel oil to be delivered to the Vessel in Houston, Texas.

10. In order to fulfill its obligations under the Bunkering Contract, WFS arranged for an entity known as Valero Marketing & Supply Company ("Valero") to physically supply the 350 metric tons of bunkers to the Vessel on behalf of WFS.

11. On April 19, 2018, shortly after the subject bunker fuel received in Houston, Texas from WFS was transferred for use on the Vessel, the main engine ceased functioning. A

copy of the Incident Report is attached as **Exhibit 2**. The damage from the incident required the Vessel to be towed to the Bahamas for repairs.

12.     As a result of the Incident, Chembulk, as charterer, has received or expects to receive a claim from the Vessel Owner for the damage to the Vessel pursuant to the Charter.

**COUNT I**
**(Breach of Contract)**

13.     Chembulk incorporates paragraphs 1 - 12 as though the same have been set forth herein.

14.     Chembulk and WFS entered into a Bunkering Contract for the purchase and sale of bunkers on March 16, 2018. *See* Exhibit 1.

15.     Pursuant to the Bunkering Contract, WFS had a duty to exercise reasonable care in supplying sound bunkers fit for their intended use or their ordinary use or for breach of their warranty for workmanlike service under U.S. general maritime law or any other body of law that may be applicable.

16.     Chembulk performed all conditions required under the Bunkering Contract.

17.     WFS breached its duties under the Bunkering Contract when it supplied 350 metric tons of fuel oil that did not meet the required qualifications and specifications and caused damage to the Vessel by providing defective bunkers pursuant to the Bunkering Contract.

18.     By reason of the foregoing, Chembulk has received or expects to receive a claim from the Vessel Owner for the damage to the Vessel in an amount yet to be determined by inspection, analysis, and appraisal. After Chembulk has completed its analysis and inspection of the bunker samples, it will file an amended complaint containing a damages figure based upon the information obtained as a result of the aforementioned defective bunker fuel.

## COUNT II
### (Negligence)

19. Chembulk incorporates paragraphs 1 - 12 as though the same have been set forth herein.

20. WFS, directly or through their employees, agents, or independent contractors, as bunker sellers, had a duty to provide bunker fuel that was not defective and had a duty to ensure the delivery of the bunkers was provided in a non-negligent manner.

21. WFS negligently failed to provide bunker fuel of a reasonable quality under the circumstances to prevent damage to the vessel in the following non-exclusive ways:

   a. Failure to properly determine the condition of the bunkers prior to delivery;

   b. Failure to properly care for the bunkers during transport and/or delivery;

   c. Improper blending and/or contamination of the bunkers;

   d. The fuel supplied was contaminated with products not related to the production of refined petroleum;

   e. The fuel was not compliant with the applicable ISO and MARPOL standards and was not suitable for use in the engines of *M/T Chem Ranger*;

   f. Consumption of this fuel by the Vessel is alleged or will be alleged by the Vessel Owner to have caused damages to the main engines; and

   g. Investigation is ongoing and Plaintiff reserves the right to amend to add additional grounds.

22. In causing or allowing the damage to occur and the resultant damages to the Vessel, WFS breached their duty of reasonable care.

FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077

23. By reason of the foregoing, Chembulk has received or expects to receive a claim from the Vessel's Owners for the damage to the Vessel, in an amount to be determined after the aforementioned March 27, 2018, fueling.

## COUNT III
### (Contribution and Indemnity)

24. Chembulk incorporates paragraphs 1 - 12 as though the same have been set forth herein.

25. Chembulk performed all conditions on its part to be performed under its Charter with the Vessel Owner.

26. Any damage to the Vessel by WFS and/or Valero flows directly from the acts and/or omissions of WFS.

27. Chembulk has and/or will deny liability with respect to any and all damage to the Vessel incurred as a result of the defective bunker fuel provided on March 27, 2018, pursuant to the Bunkering Contract. However, if it is adjudged that Chembulk is liable to the Vessel's Owners or other parties with an interest in the Vessel, Chembulk will be entitled to recover from WFS, in contribution or indemnity, all losses, damages or expenses, including attorneys' fees to the extent recoverable by contract, statute, or common law, as a result of the claims made by the Vessel's interests against Chembulk.

**WHEREFORE,** Plaintiff prays that:

1. Judgment may be entered in favor of Plaintiff against Defendant, together with interest and costs, and the disbursements of this action;
2. For attorneys' fees as permitted by contract, statute, and common law; and
3. This Court grant Plaintiff all other relief that it deems just and proper.

**Jury Demand**

Plaintiff demands trial by jury on all issues so triable.

Dated: November 26, 2018

                        Respectfully Submitted,

                    By: /s/ Catherine J. MacIvor
                        Catherine J. MacIvor
                        Florida Bar No. 932711
                        cmacivor@fflegal.com
                        Jeffrey E. Foreman
                        Florida Bar No. 240310
                        jforeman@fflegal.com
                        Paul Bagley
                        Florida Bar No. 94211
                        pbagley@fflegal.com
                        FOREMAN FRIEDMAN, PA
                        One Biscayne Tower, Suite 2300
                        2 South Biscayne Boulevard
                        Miami, FL 33131
                        Telephone: (305) 358-6555
                        *Attorneys for Chembulk Ocean Transport, LLC*