UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 18-cv-24912-JEM

CHEMBULK OCEAN TRANSPORT,
LLC

    Plaintiff,

v.

WORLD FUEL SERVICES, INC.
d/b/a WORLD FUEL SERVICES

    Defendant.

_____/

**REPLY IN SUPPORT OF MOTION TO STAY PROCEEDINGS PENDING COMPLETION OF INSPECTION OF MARINE FUEL OIL**

Plaintiff, Chembulk Ocean Transport, LLC ("Chembulk"), hereby files this Reply in Support of its Motion for Stay of these Proceedings, including Court-Ordered Deadlines, through June 30, 2019, Pending Completion of Inspection of Marine Fuel Oil. [DE 22].

**I.    INTRODUCTION**

Defendant, World Fuel Services, Inc. ("WFS") claims Chembulk's motion for temporary stay pending completion of inspection of marine fuel oil testing should be denied because: (1) the initial test results referred to in Chembulk's incident report purportedly "exonerates" WFS as somehow conclusively showing the fuel was "on-spec," (2) Chembulk purportedly "sat on its hands for over a year" and has "no excuse" for delay, and (3) Chembulk "continues to its efforts to harass [WFS] with this nuisance lawsuit[]" and is engaged in an "an unjustified fishing expedition." *See* [DE 24 p. 1-2].

Never mind that Chembulk has not yet propounded a *single* piece of discovery on WFS, that no scheduling order or trial date has been set, and that the purpose of the motion to stay

---

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

proceedings is to *narrow* the issues in this lawsuit, none of WFS's arguments are accurate or a valid basis to deny Chembulk's motion for a temporary stay. In reality, Chembulk's motion to stay the proceedings pending completion of marine fuel testing through June 30, 2019, is warranted under the applicable law and should be granted in its entirety.

II. **ARGUMENT**

    A. **Contrary to WFS's Assertions, the Initial Test Results Do Not "Exonerate" it of Liability for the Vessel's Mechanical Failure After Loading the Subject Fuel**

Contrary to WFS's repeated assertions that it was somehow "exonerated" by an initial test referred to in Chembulk's incident report "suggest[ing] that the fuel conforms to Table 2 of ISO 8217:2010 specifications," WFS was not exonerated by any measure. *First*, WFS omits to mention that the incident report provided "notwithstanding the [initial test results] . . . the initial symptoms displayed together with the timing of the [engine failure], the company has asked the shore lab VISWA LABS to carry out additional detailed tests of the [fuel]." *See* Ex. A p. 3. *Second*, for the fuel to be within the specification, the ISO requirements provide the fuel "***must be free from any material at a concentration that causes the fuel to be unacceptable for use no matter the concentration.***" Lloyd's Register, April 25, 2018 "Fuel Problems in the Galveston Area" (emphasis added). Therefore, in-depth testing is often required where the level of contamination may be low, but still rendered the fuel fundamentally "unacceptable for use." *Id.*

Here, it is undisputed that within hours after inputting the subject fuel into use on the vessel, it broke down between the Florida and Bahamas straights on its way to France. Given that the ISO prohibits any material in the fuel "no matter the concentration" if it is unacceptable for use, at least one media report found that "[s]cientists determined that internationally sanctioned testing methods could not identify the foreign substances in the fuel." Casey Conley, Professional Mariner, "Bunker Fuel Contamination Affects Dozens of Vessels on Gulf Coast" dated July 31,

2

2018. Because even low concentrations of contaminants that cause engine failure are prohibited by the ISO requirements, additional in-depth testing has been ongoing in earnest and should be completed soon. The completion of this testing will not unduly prejudice WFS, will narrow the issues before the Court, and will promote judicial economy.

    B. **Notwithstanding its Claims, Chembulk has Acted Diligently to Determine the Precise Cause of the Vessel's Mechanical Failure**

Chembulk, contrary to WFS's conjecture and claims, has diligently worked with the vessel owner, the physical fuel supplier, Valero, and notified WFS of the testing being conducted at each stage to determine the precise cause of the defective bunker fuel. WFS has consistently declined to participate in the testing. Because the ISO8217 guidelines provide that the fuel must be free from "any material at a concentration that causes the fuel to be unacceptable for use no matter the concentration," the parties have undertaken additional in-depth testing to determine the precise contaminants in the subject fuel. *See* attached as Ex. B Section 5.3 of ISO 8217:2010 Table 2 Testing (requiring "[f]uels . . . be free from any material that renders the fuel unacceptable for use in marine applications.").

WFS was invited to participate in the testing and affirmatively chose not to send a representative for the various tests, which began in May of last year immediately after the engine failure and was also tested in June and July of 2018. *See* attached as Ex. "C" correspondence between Chembulk's counsel and WFS's counsel dated May 2018. The tests initiated by the Vessel Owners have continued to examine the seized parts of the fuel pumps and plungers (by mechanical means and wire-cutting). These tests include the recovery and analysis of fuel-related deposits and metallurgical inspection of the components themselves and should be completed soon. Were WFS genuinely concerned about the degrading of the fuel samples, it would have participated in the

3

subject testing rather than trying to obstruct, delay, or prevent Chembulk from determining the precise cause of the Vessel's engine failure on April 19, 2018, by opposing this motion to stay.

While WFS claims in its Response without any citation to any legal or expert authorities that the purported length of certain types of "streamlined" fuel testing should take less than a week, it is important to note that the marine fuel oil tests are not performed in isolation. Instead, the subject testing has involved so-called "witness testing" whereby expert chemists have been retained by the parties to oversee and to manage the marine fuel oil testing process. At present, for the subject vessel, the Chem Ranger, the Vessel Owners, Valero, the physical supplier, and Chembulk all have diligently appointed chemists to attend the various tests being conducted.[1] As noted above, WFS declined to participate in the testing. In order to coordinate lab availability, witness/expert availability, and agreement upon the protocols and methods, Chembulk and the parties required additional time and testing. WFS, aware of these facts, contends in bad faith that Chembulk has "failed to perform any meaningful analysis and/or failed to gather any results." [DE 24 p. 2]. This is categorically false as Chembulk has been gathering results and performing meaningful analysis in a diligent manner the entire time in conjunction with the other parties.

Not only does WFS's Response contain demonstrably false factual allegations regarding Chembulk's diligence, but it is also clear that completion of the fuel testing will likely determine and narrow the legal issues in this action. Accordingly, on this basis, the Court should grant Chembulk's motion to stay proceedings pending completion of marine fuel oil testing through June 30, 2019.

---

[1] It has recently been learned that one of the chemists suffered a minor heart attack thereby causing delay of the most recently scheduled "witness testing." As a result, the party's representative who suffered the heart attack has sought a new chemist to serve on its behalf. Chembulk remains optimistic that testing will be concluded by June 30, 2019. However, the parties must coordinate to accommodate all witnesses' availability and laboratory availability in the United Kingdom.

C. **WFS Will Not Suffer any Undue Prejudice if the Stay is Granted**

As another basis for its opposition to Chembulk's motion for a temporary stay of proceedings pending completion of the fuel testing, WFS argues that it will be "greatly prejudice[d]" because the subject fuel samples purportedly "degrad[e] over time and los[e] reliability ever minute" and that the entire lawsuit by Chembulk is an effort "to harass" and continue its "nuisance lawsuit." [*Id* p. 5, p. 1]. In reality, Chembulk has filed this lawsuit in good faith and – just the opposite of an effort to harass or cause nuisance – has sought a brief stay to complete marine fuel oil testing to narrow the issues in this lawsuit. As noted above, Chembulk has not propounded any discovery yet about the number of other vessels claiming defective bunker fuel was sold to them, Chembulk has not yet propounded any discovery requesting information on all legal actions WFS has or will take against Valero for defective bunker fuel, and Chembulk has not sought "to harass" or force settlement in this action by unwarranted discovery in any way. *See Adelman v. Boy Scouts of Am.*, No. 10-22236-CIV, 2011 WL 1930427, at *4 (S.D. Fla. May 19, 2011) ("[T]he purpose of discovery is to allow a broad search for facts ... or any other matters which may aid a party in the preparation or presentation of his case, and, while subject to relevance, undue burden, overbreadth, and privilege limitations, the Rules ... permit fishing for evidence.") (internal quotations and citations omitted). Chembulk has acted in good faith to resolve this dispute on its merits.[2]

At no point has Chembulk prevented WFS from participating in the subject testing and Chembulk has kept WFS abreast of developments in the marine fuel oil testing, which WFS chose

---

[2] As previously noted, Lloyd's Register Industry Guidance has noted that "[a]ny contamination [of marine fuel oil] may be at low levels and not easily detectable without in-depth testing." *See* Lloyd's Register, April 25, 2018, entitled "Fuel Problems in the Galveston Area." *See* https://shipandbunker.com/news/am/170733-fobas-alert-fuel-problems-in-the-galveston-area.

5

not to participate in. At bottom, a brief stay is reasonable under the circumstances and a brief delay alone does not constitute undue prejudice to WFS. *See Personal Voice Freedom, LLC v. YMax Corp.*, No. 10-81410-CIV, 2011 WL 13227874, at *2 (S.D. Fla. Nov. 15, 2011) (granting motion to stay proceedings pending a patent reexamination and explaining that "[d]elay alone during the pendency of the stay does not constitute undue prejudice…especially when the case is still in the discovery stage") (citations omitted).

### III.  CONCLUSION

For the foregoing reasons, Chembulk Ocean Transport, LLC respectfully requests this Honorable Court to grant its Motion to Stay Proceedings Pending Completion of the Vessel Inspection and Fuel Bunker Testing up to June 30, 2019, and any other relief this Court deems just and proper.

Dated: May 20, 2019
   Miami, Florida                Respectfully submitted,

                                  **FOREMAN FRIEDMAN, P.A.**

                                  By: /s/  *Paul Bagley*
                                       Jeffrey E. Foreman
                                       Florida Bar No. 240310
                                       jforeman@fflegal.com
                                       Catherine J. MacIvor
                                       Florida Bar No. 932711
                                       cmacivor@fflegal.com
                                       Paul Bagley, Esq.
                                       Florida Bar No. 94211
                                       pbagley@fflegal.com
                                       One Biscayne Tower, Suite 2300
                                       2 South Biscayne Boulevard
                                       Miami, FL  33131
                                       Phone: 305-358-6555/Fax: 305-374-9077
                                       *Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that the foregoing was electronically filed with the Clerk of the Court via CM/ECF on May 20, 2019. I also certify that the foregoing was served on all counsel or parties of record on the attached Service List either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronic Notices of Filing.

By:   /s/ *Paul Bagley*
      Paul Bagley

**FOREMAN FRIEDMAN, PA, 2 South Biscayne Boulevard, Miami, FL 33131 Tel: 305-358-6555 / Fax: 305-374-9077**

## SERVICE LIST

**WAGNER LEGAL**
Scott A. Wagner, Esq. (FBN 10244)
3050 Biscayne Blvd., #904
Miami, FL 33137
Tel:  305-768-9247/Fax: 305-306-8598
*Counsel for Defendant*

Jeffrey E. Foreman, Esq. (FBN 0240310)
jforeman@fflegal.com
mfonticiellla@fflegal.com
Catherine J. MacIvor, Esq. (FBN 932711)
cmacivor@fflegal.com
lschrader@fflegal.com
Paul Bagley, Esq. (FBN 94211)
pbagley@fflegal.com
FOREMAN FRIEDMAN, PA
One Biscayne Tower, Suite 2300
2 South Biscayne Boulevard
Miami, FL  33131
Tel: 305-358-6555/Fax: 305-374-9077
*Counsel for Plaintiff*